UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Joshua Raymond Armendariz, | Case No. 20-cv-0464 (PJS/HB) |
| Plaintiff, | |
| v. | **ORDER** |
| Chris Rovney, Blue Earth County Attorney, in his official and individual capacities, | |
| Defendant. | |

This matter is before the Court on Plaintiff Joshua Armendariz's Motion to Compel [ECF No. 67] and his Motion to Compel Full Response to Order Document # 92 [ECF No. 100]. For the reasons set forth herein, the Court denies both motions.

Armendariz first filed a motion seeking production of documents from Defendant Chris Rovney on October 7, 2020 (hereafter "October Motion"). [ECF No. 44.] In it, he made nine separate requests for documents; however, only two, Request Nos. 5 and 6, are at issue here. Request No. 5 is as follows:

> [C]opies of any waiver of Rights paperwork and/or any copies of any civil [seizure] papers for Blue Earth County case file 07-CR-l5-2623. Also requesting any civil case file number dealing with any [seizure] in Blue Earth case file 07-CR-l5-2623.

(Oct. Mot. at 2.) Request No. 6 sought:

1

> [C]opies of any notes/emails passed between court officers and Public Defender by Defendant Chris Rovney Blue Earth county Attorney, All on and off the record notes/emails relating to Blue Earth County case file 07-CR-15-2623 and any emails Chris Rovney has sent about Federal civil case number 20-cv-0464 (PJS/HB) to Richard Hillesheim Public Defender.

(*Id.*)

On December 2, 2020, Rovney served on Armendariz his Responses to Plaintiff's Request for Production of Documents. (First McEllistrem Decl. Ex. B [ECF No. 76-2].) Rovney responded to Request No. 5 with the following:

> Defendant objects to this Request on the basis that it is unclear as to what Plaintiff is seeking with this Request and Defendant cannot form a response and further that the Request is vague and ambiguous. Notwithstanding said objections, see attached correspondence and court filings from case file 07-CR-15-2623 (DEF0036-290), and specifically the Court's Order regarding Plaintiffs failure to waive a speedy trial demand (DEF0071-80) and the Court's Order regarding the due process challenges (DEFI67-181).

(*Id.* at 2.)

Rovney responded to Request No. 6 by stating:

> Defendant objects to this Request to the extent that it calls for documents that are protected under the work product doctrine and attorney/client privilege. Notwithstanding said objections, see correspondence between the attorneys and Court related to case file 07-CR-15-2623 found within the attached documents (DEF 0036- 290).

(*Id.* at 3.)

On January 6, 2021, Armendariz filed his first Motion to Compel. [ECF No. 67.] He asked the Court to compel Rovney to provide the following specific documents that he believed were in Rovney's possession: (1) the "Notice of Seizure and Intent to Forfeit Vehicle/Property" form created when Armendariz's property was seized, (2) a "judge's order that [Armendariz's $15,705] was lawfully seized," and (3) "emails between

[Rovney] and Peggy Tagatz where Chris Rovney gave [permission] to Peggy Tagatz to release Evidence." (Pl.'s Reply at 1–3 [ECF No. 82].)

The Court found that Rovney's responses to Request Nos. 5 and 6 left room for confusion as to whether Rovney was withholding materials on the basis of his objections. The Court therefore ordered Rovney to file a sworn declaration clearly stating that he had searched for and produced all documents responsive to those requests, including the specific documents Armendariz had identified. (Mar. 23 Ord. at 11 [ECF No. 92].) The Court further instructed Rovney that if such documents existed but had not yet been produced, Rovney must produce them to Armendariz along with his declaration. (*Id.*) Finally, the Court ordered that if either an "applicable completed Notice of Seizure and Intent to Forfeit Vehicle/Property" or a "court order addressing the lawfulness of the seizure or authorizing the release of money to Vetter Sales" did not exist, Rovney must state in his declaration "whether they once existed but have been disposed of or cannot be located, or whether no such documents ever existed." (*Id.*) The Court deferred final resolution of Plaintiff's first motion to compel pending review of Rovney's declaration.

On April 6, 2021, Rovney and his counsel both submitted declarations detailing the documents that had been produced to date. As to Request No. 5, Rovney attests that no "Notice of Seizure or Intent to Forfeit Vehicle/Property forms regarding the release of property back to Vetter Sales ever existed." (Rovney Decl. ¶ 5 [ECF No. 97].) He further states:

> As to "any court order addressing the lawfulness of the seizure or authorizing the release of money to Vetter Sales," (ECF No. 92), the Court's Order regarding due process challenges related to the return of money to Vetter Sales has previously

3

> been identified and produced in Response to Request No. 5 as Bates No. DEF 167-181.

(*Id.*)  Rovney's counsel makes a virtually identical statement in her declaration.  (Second McEllistrem Decl. ¶ 7 [ECF No. 96].)

As to Request No. 6, Rovney's counsel states in her declaration that Rovney had previously produced the email correspondence between himself and Peggy Tagatz that "relat[ed] to the release of the moneys in dispute," but that in view of the Court's interpretation of the scope of Request No. 6 as described in its March 23 Order, she had identified another exchange of communications between Rovney and Tagatz that might be seen as encompassed by that request.  (*Id.* ¶¶ 4–5.)  Rovney accordingly supplemented his production to Armendariz with those additional documents.  (*Id.*)  Rovney's counsel also disclosed that there were some responsive materials that were withheld as privileged because they included Rovney's personal notes reflecting case strategy and his mental impressions.  (*Id.* ¶ 6.)  On April 6, 2021, Rovney produced to Plaintiff a privilege log of the documents that were withheld.  (Second McEllistrem Decl. Ex. A [ECF No. 96 at 4].)

On April 12, 2021, Armendariz filed the instant motion.  He does not take issue with Rovney's further response to Request No. 6.  However, he once again challenges the adequacy of Rovney's response to Request No. 5.  Specifically, he argues that the court order produced as Bates No. DEF 167-181 is nothing more than an order denying Armendariz's motion for the return of the money, but it is neither an order of forfeiture nor an order giving Rovney permission to release the money, as Armendariz seems to

4

believe was required. Armendariz asks the Court to order Rovney to state clearly that no such order ever existed.

The Court has reviewed Rovney's supplemental declaration and concludes it complies with the Court's March 23 Order. The March 23 Order directed Rovney to search for and produce "<u>any</u> responsive documents that relate to the authority by which he returned only a portion of the seized money to Armendariz and released the remainder to Vetter Sales." (Mar. 23 Ord. at 11 (emphasis added).) In response, Rovney states that he has "searched for and produced <u>all</u> documents in [his] possession" that relate to the case. (Rovney Decl. ¶ 3 (emphasis added).) Rovney's attorney likewise attested that "[t]he only documents that have now been withheld from production in response to Plaintiff's discovery requests" are Rovney's personal notes on strategy determinations and recording his mental impressions of witnesses and hearing preparation. (Second McEllistrem Decl. ¶ 6.) Both declarations state that the only court order "addressing the lawfulness of the seizure or authorizing the release of money to Vetter Sales" is Bates No. DEF 167-181, which has been produced. (Rovney Decl. ¶ 5; Second McEllistrem Decl. ¶ 7.) While neither declaration states in so many words that no *other* court order on that topic ever existed, that is the only reasonable interpretation of the declarations submitted by Rovney and his counsel.

Moreover, to the extent Armendariz fears Rovney might try to rely in the future on the existence of some other order, the Court notes that Rovney's Motion for Summary Judgment does not cite, attach, or purport to rely on any order on this subject other than the one he has already produced. (*See* Def.'s Mem. Supp. Mot. Summ. J. [ECF No. 88],

5

McEllistrem Smm. J. Decl. Ex. 1 [ECF No. 89-1].)  If Armendariz believes the law required some other order, he is free to make that argument—and to point out that there was no other court order addressing the lawfulness of the seizure or authorizing the release of money to Vetter Sales—in his response to Rovney's motion.

In short, although Rovney indisputably should have served the privilege log with his original production, and arguably should have produced the additional Rovney – Tagatz correspondence then as well, the Court is now satisfied that Rovney has fully responded to the requests at issue in Armendariz's first motion to compel and to the Court's March 23 Order, and that Rovney is not in possession of additional discoverable information.  The deadline for non-dispositive motions having passed, the Court will not entertain further motion practice on these or any other matters pertaining to discovery in this case.  Armendariz must now turn his attention to preparing his memorandum and supporting documents in opposition to Rovney's Motion for Summary Judgment, which he must file on or before May 12, 2021.  [*See* ECF No. 99.]

For the foregoing reasons, **IT IS HEREBY ORDERED** that Armendariz's Motion to Compel [ECF No. 67] is **GRANTED IN PART AND DENIED IN PART** as set forth in its March 23 Order [ECF No. 92] and Armendariz's Motion to Compel Full Response to Order Document # 92 [ECF No. 100] is **DENIED**.

Dated: April 14, 2021

*s/ Hildy Bowbeer*
HILDY BOWBEER
United States Magistrate Judge